## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

HPBS CORPORATION, D/B/A HAIR PLUS                                                     PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:14CV641 DPJ-FKB

STATE FARM FIRE AND CASUALTY COMPANY                                   DEFENDANT

## ORDER

This insurance dispute is before the Court on Defendant State Farm Fire and Casualty Company's motion to dismiss [6] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff HPBS Corporation d/b/a Hair Plus filed this suit against Defendant on July 16, 2014, in the Circuit Court of Hinds County, Mississippi. Approximately one month later, Defendant removed the case to this Court based on diversity jurisdiction.

In its Complaint, Plaintiff alleges that it is a corporation existing under the law of the State of Mississippi and in good standing. But Defendant submits that HPBS was administratively dissolved on October 1, 2013. *See* Motion [6], Ex. A, Mississippi Secretary of State Report for HPBS Corporation. Defendant insists that dismissal is appropriate because Mississippi Code Annotated provides that "[a] corporation that has been administratively dissolved may not maintain any action, suit or proceeding, in any court of this state until the corporation is reinstated." Miss. Code Ann. § 79-4-14.21(f); *see also Funderburg v. Pontotoc Electric Power Ass'n*, 6 So. 3d 439, 442 (Miss. Ct. App. 2009) (affirming finding that an administratively dissolved corporation cannot be a plaintiff in a lawsuit because it has no power to sue).

In response, Plaintiff concedes that HPBS was administratively dissolved by the Secretary of State in October 2013, but asserts that the dissolution was cancelled and a certificate

of reinstatement has been issued.  *See* Response [7], Ex. B, Mississippi Secretary of State Certificate of Reinstatement.  And Mississippi Code Annotated provides that a reinstatement "relates back to and takes effect as of the effective date of the administrative dissolution."  Miss. Code Ann. § 79-4-14.22(c)(1).  Accordingly, because the Secretary of State has reinstated HPBS, it is considered to have been in good standing at the time of the filing of this civil action.[1]

Defendant's motion to dismiss [6] is denied.

**SO ORDERED AND ADJUDGED** this the 10th day of October, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] Defendant did not file a rebuttal, and the time to do so has passed.